IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENILEE JOHNSON and <br> JANE WHITAKER, <br> on behalf of plaintiffs and a class, <br> and PEOPLE OF THE STATE <br> OF ILLINOIS EX REL. <br> JENILEE JOHNSON and <br> JANE WHITAKER, <br><br> Plaintiffs, <br><br> vs. <br><br> WELTMAN, WEINBERG & <br> REIS CO., L.P.A.; and <br> US ASSET MANAGEMENT, <br> INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Jenilee Johnson and Jane Whitaker bring this action to secure redress from unlawful collection practices engaged in by defendants Weltman, Weinberg & Reis Co., L.P.A. ("WWR") and US Asset Management, Inc. ("USAM"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Plaintiff People of the State of Illinois ex rel. Jenilee Johnson and Jane Whitaker alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 ("ICAA"), by unlicensed collection activities.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiffs Jenilee Johnson and Jane Whitaker seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## **VENUE AND JURISDICTION**

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

    a. Defendant WWR has offices within this District;

    b.    Defendant USAM contracted with WWR to have illegal conduct performed on its behalf at WWR's offices within this District;

    c.    A material part of the acts complained of occurred within this District.

## PARTIES

10.    Plaintiffs Jenilee Johnson and Jane Whitaker are individuals who reside in DeKalb County, Illinois. Ms. Whitaker is the mother of Ms. Johnson.

11.    Defendant WWR is a law firm organized as an Ohio corporation with principal offices in Ohio. It maintains offices at 180 N LaSalle, Suite 2400, Chicago, IL 60601, from which all of the conduct complained of took place.

12.    Defendant WWR is engaged in the collection of consumer debts for others, using the mails, telephone system, and Internet for that purpose.

13.    Defendant WWR has a web site (https://www.weltman.com/practices) where it describes itself as follows: "Weltman, Weinberg & Reis Co., LPA represents nearly every type of creditor, including some of the largest financial institutions in the U.S., in bankruptcy, consumer and commercial collections, litigation, and real estate default matters . . . "

14.    Defendant WWR is a debt collector as defined in the FDCPA.

15.    Defendant USAM is a Delaware corporation with its principal place of business at 700 Longwater Drive, Norwell, MA 02061. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

16.    Defendant USAM is engaged in the business of acquiring (or claiming to acquire) defaulted consumer debts, including student loans, and liquidating them.

17.    Among the methods USAM uses to liquidate the debts is filing suit on them. USAM files scores of lawsuits against consumers each year.

18.    A majority of the revenue of USAM is derived from the liquidation of defaulted consumer debts.

19.    At no time has USAM held a debt collection license from the Illinois Department

of Financial and Professional Regulation.

20. USAM, represented by WWR, has nevertheless filed numerous collection lawsuits on consumer debts in Illinois courts. During 2018, USAM, represented by WWR, filed over 40 consumer collection lawsuits in Cook County alone and more than 20 in other Illinois counties. Additional lawsuits were filed in 2017. USAM was the plaintiff in each of these cases.

21. USAM is a debt collector as defined in the FDCPA.

22. USAM is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

## FACTS

23. Defendants have been attempting to collect from Ms. Johnson and Ms. Whitaker an alleged debt consisting of a student loan or loans for the education of Ms. Johnson. Her mother allegedly cosigned the loans.

24. The debt is allegedly owned by USAM.

25. On or about August 6, 2018, USAM, represented by WWR's Chicago office, filed a lawsuit against Ms. Johnson and Ms. Whitaker in DeKalb County, Illinois, Circuit Court, case 2018 LM 340, seeking to collect the debt. A copy of the complaint is in Appendix A.

26. On information and belief, the action was filed beyond the statute of limitations.

27. The summons and complaint directed Ms. Johnson and Ms. Whitaker to appear on September 5, 2018.

28. Ms. Whitaker did appear, intending to request time to retain counsel. USAM and WWR did not appear. As a result, the lawsuit was dismissed for want of prosecution.

29. On September 11, 2018, USAM and WWR filed a motion (Appendix B) to vacate the dismissal and enter judgment against Ms. Johnson and Ms. Whitaker.

30. There was no basis for the request for judgment against Ms. Johnson and Ms. Whitaker. Since the case had been dismissed, they were not in default.

31. Ms. Johnson appeared for the motion. The court vacated the dismissal, but did not

enter judgment (Appendix C).

32. As a result of the filing, Ms. Johnson and Ms. Whitaker were damaged, in that they:

    a. Were required to attend court and travel to court;

    b. Were required to pay an appearance fee;

    c. Were required to hire and pay counsel to defend the lawsuit;

    d. Suffered aggravation and distress.

33. Defendant USAM violated 225 ILCS 425/4 by collecting without a license.

34. Section 425/4 provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State *if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state* provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois. (Emphasis added)**

35. USAM is not licensed as a debt collector in its home state of Massachusetts, which does not license debt buyers.

36. In any case, USAM's activities in Illinois are not limited to collecting debts from debtors located in Illinois by means of interstate communication such as telephone, mail, or facsimile transmission from USAM's location in another state. USAM regularly files lawsuits against Illinois residents.

## **COUNT I – FDCPA**

37. Plaintiffs Jenilee Johnson and Jane Whitaker incorporate paragraphs 1-36.

38. This claim is against both defendants.

39. Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by

5

filing suit against plaintiffs Jenilee Johnson and Jane Whitaker and numerous other Illinois residents when USAM was not licensed to conduct debt collection activities in Illinois. *Galvan v. NCO Portfolio Management, Inc.*, 794 F.3d 716 (7th Cir. 2015); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). Defendants further violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by engaging in the filing of a time-barred lawsuit and other overreaching conduct described above.

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals with addresses in Illinois (b) with respect to whom WWR filed or threatened a lawsuit on behalf of USAM (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

42. On information and belief, the class is so numerous that joinder of all members is not practicable, in that more than 60 lawsuits were filed in 2018.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether USAM is engaged in unlicensed collection activities.

    b. Whether the filing of lawsuits by or on behalf of an unlicensed debt collector violates the FDCPA, ICAA or ICFA.

44. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

46. A class action is superior for the fair and efficient adjudication of this matter, in

that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendants for:

    i.    Statutory damages;

    ii.    Actual damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – ICFA

47. Plaintiffs Jenilee Johnson and Jane Whitaker incorporate paragraphs 1-36.

48. This claim is against USAM.

49. Defendant USAM engaged in unfair practices, in violation of 815 ILCS 505/2, by filing suit against plaintiffs and others when it was prohibited by law from engaging in such action.

50. Such conduct was contrary to public policy, as set forth in the ICAA, and injurious to consumers.

## CLASS ALLEGATIONS

51. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52. The class consists of (a) all individuals with addresses in Illinois (b) with respect to whom a lawsuit was filed by USAM (c) at any time during a period beginning 3 years prior to the filing of this action and ending 21 days after the filing of this action.

53. On information and belief, the class is so numerous that joinder of all members is

not practicable, in that more than 60 lawsuits were filed in 2018 alone.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether USAM is engaged in unlicensed collection activities.

    b. Whether the filing of lawsuits by or on behalf of an unlicensed debt collector violates the ICFA.

55. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and collection abuse litigation.

57. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant USAM for:

    i. Actual damages;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

58. Plaintiff People of the State of Illinois ex rel. Jenilee Johnson and Jane Whitaker incorporates paragraphs 1-25 and 33-36.

59. This claim is against USAM.

60. Defendant is a "collection agency" as defined in the Illinois Collection Agency

Act, 225 ILCS 425/1 et seq.

61. Defendant violated 225 ILCS 425/4 by collecting without a license.

62. 225 ILCS 425/14a provides:

> Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant USAM:

i. An injunction against further collection activities directed to Illinois consumers;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as is appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman

Cathleen M. Combs
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\35579\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

>                                        s/Daniel A. Edelman
>                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35579\Pleading\Complaint_Pleading.WPD