# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

JENILEE JOHNSON and JANE
WHITAKER, on behalf of Plaintiffs and a
class and PEOPLE OF THE STATE OF
ILLINOIS EX REL. JENILEE JOHNSON
and JANE WHITAKER,

              Plaintiffs,

v.

WELTMAN, WEINBERG & REIS CO.,
L.P.A.; and US ASSET MANAGEMENT,
INC.

              Defendants.

18-cv-07818

Judge Ronald A. Guzman
Magistrate Judge Sheila Finnegan

**Defendant U.S. Asset Management, Inc.'s Memorandum of Law**

**in Opposition to Plaintiffs' Motion for Class Certification**

{00120531;1}                                      1

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................... 1

II.    BACKGROUND ......................................................................................................... 1

     A.    Plaintiffs and class members agree to loan documents with arbitration provisions 1

     B.    Weltman files suit on behalf of USAM ................................................................ 2

     C.    Plaintiffs file lawsuit against USAM .................................................................... 2

III.   THE CLASSES ........................................................................................................... 3

IV.   LEGAL STANDARDS ............................................................................................... 3

V.    THE COURT SHOULD DENY CLASS CERTIFICATION ...................................... 4

     A.    USAM has the right to arbitrate ........................................................................... 4

           1.    USAM can arbitrate Plaintiffs' claims ..................................................... 4

           2.    USAM can arbitrate rights of class members ........................................... 5

     B.    Plaintiffs classes lack adequacy due to arbitration clauses ................................... 7

     C.    Plaintiffs classes lack typicality due to arbitration clauses ................................... 8

     D.    Plaintiffs' classes lacks superiority due to arbitration clauses .............................. 9

     E.    Plaintiffs' FDCPA class lacks predominance due to individualized inquiries as to materiality ......................................................................................................... 10

     F.    Plaintiffs' ICFA class lacks ascertainability and typicality .................................. 12

     G.    Plaintiff's ICFA class lacks predominance .......................................................... 14

     H.    Plaintiffs have not met their burden to establish any class based on time-barred lawsuits ............................................................................................................. 15

VI.   CONCLUSION .......................................................................................................... 15

## TABLE OF AUTHORITIES

*Am. Honda Motor Co., Inc. v. Allen*,

 600 F.3d 813 (7th Cir. 2010) ............................................................................4

*Amchem Prod., Inc. v. Windsor*,

 521 U.S. 591, 615, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689

 (1997), 117 S.Ct. 2231 ....................................................................................10

*Avery v. State Farm Mut. Auto. Ins. Co.*,

 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801 (Ill.2005) ...........................13

*CCAM Enterprises, LLC v. Department of Commerce*,

 *Div. of Occupational and Professional Licensing*, 324 P.3d 648

 (Utah Ct.App.2014) ...........................................................................................6

*CE Design Ltd. v. King Architectural Metals, Inc.*,

 637 F.3d 721 (7th Cir. 2011) ............................................................................8

*CIGNA HealthCare of St. Louis, Inc. v. Kaiser*,

 294 F.3d 849 (7th Cir. 2002) ............................................................................9

*Clark v. Bumbo Int'l Tr.*,

 No. 15 C 2725, 2017 WL 3704825 (N.D. Ill. Aug. 28, 2017)....................12,14

*Comcast Corp. v. Behrend*,

 569 U.S. 27, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013)....................................4

*Dhamer v. Bristol-Myers Squibb Co.*,

 183 F.R.D. 520 (N.D. Ill. 1998)........................................................................10

*Duffin v. Exelon Corp.*,

 No. 06 C 1382, 2007 WL 845336 (N.D. Ill. Mar. 19, 2007).........................10, 12

*Donohue v. Quick Collect Inc.*,

 592 F.3d 1027 (9th Cir. 2010) ..........................................................................11

*Eisen v. Carlisle & Jacquelin*,

 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).........................................9

*Ernst & Young LLP v. Baker O'Neal Holdings, Inc.,*
    304 F.3d 753 (7th Cir. 2002) ........................................................4

*Fuller v. Frontline Asset Strategies, LLC,*
    No. 17 C 7901, 2018 WL 1744674 (N.D. Ill. Apr. 11, 2018) ...........5

*Galvan v. NCO Portfolio Management, Inc.,*
    794 F.3d 716 (7th Cir. 2015) ......................................................10

*Harper v. Sheriff of Cook County,*
    581 F.3d 511 (7th Cir. 2009) ........................................................3

*Hickey v. Great Western Mortgage Corp.,*
    1995 WL 121534 (N.D.Ill. Mar. 17, 1995) ..................................10.

*In re Evanston Nw. Corp. Antitrust Litig.,*
    No. 07-CV-04446, 2013 WL 6490152 (N.D. Ill. Dec. 10, 2013)......................6

*Jamie S. v. Milwaukee Pub. Schs.,*
    668 F.3d 481 (7th Cir. 2012) ........................................................3

*Johnson v. County of Fresno,*
    111 Cal.App.4th 1087 (2003) .......................................................4

*Johnson v. Aronson Furniture Co.,*
    1998 WL 641342 (N.D .Ill. Sept. 11, 1998). ...............................14

*Hahn v. Triumph Partnerships LLC,*
    557 F.3d 755 (7th Cir. 2009) ......................................................11

*Hutton v. C.B. Accounts, Inc.,*
    No. 10-3052, 2010 WL 5070882 (C.D. Ill. Dec. 3, 2010)..............11

*Kuhn v. Asset Acceptance Capital Corp.,*
    No. 114-CV-00059-TWP-DML, 2015 WL 1505648 (S.D. Ind. Mar. 31, 2015) .............10.

*LeBlanc v. Unifund CCR Partners,*
    601 F.3d 1185 (11th Cir. 2010) ..................................................10

*Leff v. Deutsche Bank AG,*
    No. 08-CV-733, 2009 WL 1380819 (N.D. Ill. May 14, 2009).........5

*Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC,*

    No. 16 C 8075, 2017 WL 1954545 (N.D. Ill. May 11, 2017) ............................................. 5

*Lowe v. Maxwell & Morgan PC,*

    322 F.R.D. 393 (D. Ariz. 2017) ..................................................................................... 11

*Messner v. Northshore Univ. HealthSystem,*

    669 F.3d 802 (7th Cir. 2012) .......................................................................................... 4

*Mullins v. Direct Digital, LLC,*

    795 F.3d 654 (7th Cir. 2015). ................................................................................ 3,8,12

*Messner v. Northshore Univ. Health System,*

    669 F.3d 802 (7th Cir. 2012) ........................................................................................ 12

*Oliveira v. Amoco Oil Co.,*

    201 Ill.2d 134 Ill.Dec. 14, 776 N.E.2d 151 (Ill.2002) ......................................................... 13

*Oshana v. Coca-Cola Co.,*

    472 F.3d 506 (7th Cir. 2006) ............................................................................. 1,2,12,13

*Pablo v. ServiceMaster Glob. Holdings Inc.,*

    No. C 08-03894 SI, 2011 WL 3476473 (N.D. Cal. Aug. 9, 2011) ....................................... 9

*Retired Chicago Police Ass'n v. City of Chicago,*

    7 F.3d 584, 598 (7th Cir. 1993) ..................................................................................... 7

*Rosario v. Livaditis,*

    963 F.2d 1013 (7th Cir. 1992)) ..................................................................................... 7

*Santangelo v. Comcast Corp.,*

    No. 15 C 0293, 2017 WL 6039903 (N.D. Ill. Dec. 6, 2017) ............................................... 7

*Sec'y of Labor v. Fitzsimmons,*

    805 F.2d 682 (7th Cir. 1986)) ....................................................................................... 7

*Siegel v. Shell Oil Co.,*

    612 F.3d 932 (7th Cir. 2010), ...................................................................................... 14

*St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.,*

    969 F.2d 585 (7th Cir. 1992) ........................................................................................ 5

*Sharif v. Wellness Int'l Network, Ltd.*,

    376 F.3d 720 (7th Cir. 2004) .............................................................................4

*Szabo v. Bridgeport Mach., Inc.*,

    249 F.3d 672 (7th Cir. 2001) .............................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,

    564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)................................4

*Wahl v. Midland Credit Management*,

    556 F.3d 643 (7th Cir. 2009). .........................................................................11

*Walsh Chiropractic, Ltd. v. StrataCare, Inc.*,

    No. 09-CV-1061-MJR, 2011 WL 4336727 (S.D. Ill. Sept. 14, 2011) .............15

*Williams v. Ford Motor Co.*,

    192 F.R.D. 580 (N.D.Ill.2000).........................................................................14

Fed. R. Civ. P. 23(a)(3).............................................................................................8

Fed. R. Civ. P. 23(b)(3) ............................................................................................3

Fed.R.Civ.P. 23(b)(3)(D).........................................................................................9

## I.   **INTRODUCTION**

Class actions are the exception, not the rule.  This case is not the exception.  Plaintiffs'
Motion relies almost exclusively on pleadings and attorney argument.   They do not meet their
burden to demonstrate their burden establish the elements under Fed. R. Civ. P. 23.

Defendant U.S. Asset Management, Inc. ("USAM"), through its debt collector Collecto,
Inc. ("Collecto") assigned 78 accounts to Weltman.  Nearly half of those accounts, including
Plaintiffs' account, are subject to arbitration.  Plaintiffs' classes under the Fair Debt Collection
Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Illinois Consumer Fraud Act ("ICFA"),
815 Ill. Comp. Stat. 505/2 lack adequacy and predominance.

The Seventh Circuit has held that class actions generally lack ascertainability and
typicality because of the requirement to show causation and damages.  *Oshana v. Coca-Cola
Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  Not once does Plaintiffs' Motion attempt to demonstrate
common evidence of causation and damages of her ICFA class.

Certification should be denied.

## II.   **BACKGROUND**

### A.   **Plaintiffs and class members agree to loan documents with arbitration provisions**

College Loan Corporation ("CLC") is a loan provider for student loans.  It either issues
the funds directly, or acts an agent on behalf of a network of private lenders, including Regents
Bank ("Regents").  Declaration of Patty Justice, ¶ 8.

On or about February 26, 2007, Plaintiff Jenilee Johnson executed a CLC Premier Loan
Application and Promissory Note.  (Justice Decl. ¶ 10 & Ex. 1)  The applicable 2007 CLC
Premier Loan Promissory Note Terms and Conditions state:

> ARBITRATION: Any claim or controversy ("Claim") between the
> parties, whether arising in contract or tort or by statute including, but not limited
> to, Claims resulting from or relating to this Agreement shall, upon the request of
> either party, be resolved by arbitration in accordance with the Federal Arbitration
> Act (Title 9, US Code). Arbitration proceedings will be conducted in accordance
> with the rules for arbitration of financial services disputes of J.A.M.S./Endispute.
> The arbitration shall be conducted in the state of my/our domicile at the time of
> the execution of this Agreement or at the commencement of any arbitration

proceeding. The arbitration hearing shall commence within 90 days of the demand for arbitration and close within 90 days of commencement and any award, which may include legal fees, shall be issued (with a brief written statement of the reasons therefore) within 30 days of the close of hearing. Any dispute concerning whether a claim is arbitrable or barred by the statute of limitations shall be determined by the arbitrator. This arbitration provision is not intended to limit the right of any party to exercise self-help remedies or to seek and obtain interim or provisional relief of any kind.

(Ex. 2 to Justice Decl., USAM00283)

The Application and Note stated that Plaintiff Jenilee Johnson promised to pay Regents.

(Ex. 1 to Justice Decl.) Plaintiff Jane Whitaker executed the Application and Note as cosigner.

(Ex. 1 to Justice Decl.) The Terms and Conditions applicable to Plaintiffs' loan state:

> "I/we understand that the Lender is located in the state of California and this Note will be entered into in that state. ***Consequently the provisions of this Note will be governed by applicable federal laws and the applicable laws of that state***, without regard to conflict of law rules."

(Ex. 2 to Justice Decl. at USAM0283) (emphasis added).

CLC periodically purchased accounts from Regents, including Plaintiffs' account. Pursuant to a Bill of Sale dated September 29, 2015, CLC sold Plaintiff's account to USAM as part of a portfolio of accounts. (Justice Decl. ¶ 22 & Ex. 4,5)

On or about June 10, 2015, Collecto entered into a collection agreement with Weltman, Weinberg & Reis, Co., L.P.A. ("Weltman") for collection and legal services. (Justice Decl. ¶ 26 ) Collecto placed at least 78 USAM accounts with Weltman that ultimately resulted in Weltman filing a lawsuit against the consumer. (Justice Decl. ¶ 27 )

Plaintiff claims there are 78 class members. However, at least 32 of the 78 accounts (including Plaintiffs) are subject to arbitration clauses. (Justice Decl. ¶¶ 5, 27,28)

### B. Weltman files suit on behalf of USAM

On or about August 6, 2018, Weltman filed a collection lawsuit against Plaintiffs. It is that lawsuit that is the basis of their suit against USAM.

### C. Plaintiffs file lawsuit against USAM

Plaintiffs filed their lawsuit on November 27, 2018. (ECF 1) USAM answered the complaint on January 23, 2019 (ECF 23), asserting arbitration as an affirmative defense.

Pursuant to the parties' stipulation and the Court's Order, USAM filed its First Amended Answer on February 21, 2019. (ECF 33)  The First Amended Answer maintained arbitration as an affirmative defense.

The promissory notes and documents relating to class members arbitration agreements were not in the possession of USAM or Collecto, but CLC.  (Justice Decl. ¶¶ 29-30)

Only after these documents were obtained from CLC, was USAM able to produce them to Plaintiffs as part of their supplemental disclosures.  (Watkins Decl. ¶¶ 2-3  )

## III.  THE CLASSES

Plaintiffs' Motion seeks to certify the following classes:

(1) The FDCPA class: (a) all individuals with addresses in Illinois, (b) with respect to whom WWR filed or threatened a lawsuit on behalf of USAM (c) at any time beginning on November 27, 2017 and ending December 18, 2018.

(2) The ICFA class: (a) all individuals with addresses in Illinois, (b) with respect to whom a lawsuit was filed by USAM (c) at any time during a period beginning on November 27, 2015 and ending December 18, 2018

Motion at 1-2.

## IV.  LEGAL STANDARDS

A plaintiff seeking to certify a class under Rule 23 of the Federal Rules of Civil Procedure must show that her proposed class is "sufficiently definite [such] that its members are ascertainable." *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012) see also *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (establishing that the Seventh Circuit does require some showing of ascertainability).  Once that hurdle is cleared, the plaintiff must satisfy the four requirements of Rule 23(a)—commonly referred to as numerosity, commonality, typicality, and adequacy of representation.  *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009). The plaintiff must also satisfy the requirements of at least one subsection of Rule 23(b).  *Id.*

Plaintiffs seek to certify a class under Rule 23(b)(3), so they must also show that issues common to the class members predominate over questions affecting only individual members,

and that a class action is superior to other available adjudication methods. Fed. R. Civ. P. 23(b)(3); *Messner v. Northshore Univ. Health System*, 669 F.3d 802, 811 (7th Cir. 2012).

A putative class representative must "affirmatively demonstrate" compliance with Rule 23 through "evidentiary proof"—mere allegations are insufficient. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013); *Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Further, compliance with each requirement must be shown by a preponderance of the evidence. *Messner*, 669 F.3d at 811. A class may be certified only if a district court is "satisfied, after a rigorous analysis," that compliance with Rule 23 has been shown. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011); *see also Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010).

## V.     THE COURT SHOULD DENY CLASS CERTIFICATION

### A.     USAM has the right to arbitrate

#### 1.     USAM can arbitrate Plaintiffs' claims

The Terms and Conditions applicable to Plaintiffs provide for California law. (Ex. 2 to White Decl.). Under California law, a purchaser of an account, stands in the shoes of the original creditor. *See, e.g., Johnson v. County of Fresno,* 111 Cal. App. 4th 1087, 1096 (2003). As USAM purchased Plaintiffs' account (White Decl. ¶ 22), it stand in the shoes of the lender and therefore succeeds to the right to arbitration.

USAM has not waived its right to arbitrate Plaintiffs' claims. A court seeking to determine whether a party has waived arbitration must "examine the totality of the circumstances and determine whether ... the party ... has acted inconsistently with the right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (citation omitted). "Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision—did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002) (emphasis and internal quotation marks omitted).

In *Leff v. Deutsche Bank AG*, No. 08-CV-733, 2009 WL 1380819, at *4 (N.D. Ill. May 14, 2009), the Court granted a motion to compel arbitration, holding that an 18-month delay did not waive arbitration. In doing so, the Court held "To be sure, ideally Deutsche Bank would have raised the arbitration issue earlier in the case." However, it still saw fit to compel arbitration:

> Nevertheless, in contrast to the cases on which Plaintiffs rely, ***Deutsche Bank did not have in its possession copies of the Agreements containing the arbitration provisions at the time that Plaintiffs' complaint was filed***; Defendants have not filed an answer failing to raise a defense of arbitration; no imminent pre-trial or trial dates (or any other dates governing the litigation) have been set by this Court; and Deutsche Bank has not engaged in forum shopping by moving to compel arbitration only after an adverse ruling on its motion to dismiss.

*Id.* (emphasis added).

USAM set forth arbitration as a defense it both its Answer and Amended Answer. However, just as in *Leff*, USAM did not possess the documents with the arbitration agreements at the time Plaintiffs' lawsuit was filed. (White Decl. ¶ 29) It had to request these documents from CLC. (White Decl. ¶ 30)

Moreover, it is only seven months from when USAM's Answer first put this case at issue. USAM has not waived its right to arbitrate Plaintiffs' dispute. *See, e.g., Fuller v. Frontline Asset Strategies, LLC*, No. 17 C 7901, 2018 WL 1744674, at *3 (N.D. Ill. Apr. 11, 2018) (no waiver when defendants filed the instant motion only three months after the case was filed); *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 16 C 8075, 2017 WL 1954545, at *3 (N.D. Ill. May 11, 2017) (no waiver where motion filed after six months); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 589 (7th Cir. 1992) ("Perhaps ten months is not, standing alone, a substantial delay. A party needs time to assess its options.")

### 2. USAM can arbitrate rights of class members

There are 25 Sallie Mae consumers that are putative class members. (White Decl. ¶ 28) They are subject to the same Arbitration provision:

T. ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Smart Option Student Loan Promissory Note ("Note"). . .

… 2. IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, YOU AND I BOTH WAIVE THE RIGHT TO: (1) HAVE A COURT OR JURY DECIDE THE CLAIM; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION.

(White Decl. ¶ 28; Watkins Decl. ¶ 4 & Ex. 1 at USAM0072.)

All of their notes contain the same "Governing Law" provision:

"The Lender in the State listed for the Lender on page 1 in the introductory paragraph of this Note and this Note will be entered into in the Same state. Consequently, the provisions of this Note will be governed by federal laws and the laws of the stated not preempted, without regard to conflict of laws rules."

(White Decl. ¶ 28; Watkins Decl. ¶ 4 & Ex. 1 at USAM0073.)

The Lender indicated for these 25 class members is Sallie Mae, listed as located in Salt Lake City, Utah. (White Decl. ¶ 28; Watkins Decl. ¶ 4 & Ex. 1 at USAM0067, 71) Therefore, Utah law applies to the arbitration of these class members. Under Utah law, a purchaser steps into the shoes of the assignor, so USAM has standing to compel arbitration as to these individuals. *CCAM Enterprises, LLC v. Department of Commerce, Div. of Occupational and Professional Licensing*, 324 P.3d 648, 650 (Utah Ct. App. 2014).

There are six other class members that are subject to the same CLC Terms and Conditions as Plaintiffs. (White Decl. ¶ 28) Watkins Decl. ¶ 5 & Ex. 2 at USAM00304. Therefore, there are at least 31 putative class members subject to arbitration. There can be no waiver of the right to compel arbitration as to putative class members as they are not yet parties. *See In re Evanston Nw. Corp. Antitrust Litig.*, No. 07-CV-04446, 2013 WL 6490152, at *4 (N.D. Ill. Dec. 10, 2013). Therefore, arbitration of these 31 class members is viable.

**B.**    **Plaintiffs classes lack adequacy due to arbitration clauses**

The adequacy requirement under Rule 23(a)(4) comprises two parts: " 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)). "[A] class is not ... adequately represented if class members have antagonistic or conflicting claims." *Id.* (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). *See also Santangelo v. Comcast Corp.*, No. 15 C 0293, 2017 WL 6039903, at *4 (N.D. Ill. Dec. 6, 2017).

In *Santangelo*, the plaintiff filed suit against defendant Comcast for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the ICFA, along with state common law claims. The defendant moved to strike the plaintiff's class allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D). *Id.* at *5. The defendant asserted that because plaintiff was not subject to an arbitration clause, he was not typical of the entire class. *Id.*

The Court in *Santangelo* held that the "differences between Santangelo (not subject to an arbitration clause) and members of the putative classes (subject to arbitration clause) have other serious implications." *Id.* at 5. The Court held that the individuals, whose claims were arguably subject to the arbitration provision, faced significantly higher barriers to recovery as compared to lead class representative Santangelo. *Id.* In contrast, the plaintiff's own claims would not be impacted by a judicial determination as to the enforceability of the arbitration agreement. *Id.*

Thus, there would be an incentive to trade upon the rights of the absent class members (subject to arbitration) to his own advantage in any potential settlement. The Court noted that defend Comcast might consider it worthwhile (if a class is certified or as part of a class-wide settlement) to offer Santangelo a premium in excess of that amount in exchange for an agreement to abandon his challenge to the enforceability of the arbitration provision and its one-year limitations period, even though it may be in the best interests of a substantial number of class members to pursue such a challenge. *Id.* at *5.

Our case is the converse of *Santangelo*—Plaintiffs are subject to an arbitration clause, as are 31 other class members so far (out of 78). Plaintiffs claim that "given the identity of claims between Plaintiffs and members of the class, there is no potential for conflicting interests in this action." (Motion at 11). Plaintiffs are wrong.

Plaintiffs are not adequate representatives of the 46 class members who are not subject to the arbitration clause. Those class members face a significantly lower barrier to recover as compared to Plaintiffs. Plaintiffs might be more inclined compromise the class given that their individual claim may potentially be defensed or compelled to arbitration.

Moreover, to the extent Plaintiffs claim they are not subject to arbitration, this brings them more in line with the *Santangelo* class representative who was not subject to an arbitration clauses, whereas 31 other putative class members are.

Plaintiffs lack adequacy and class certification should be denied.

**C.  Plaintiffs classes lack typicality due to arbitration clauses**

Typicality requires that the claims and defenses of the named plaintiff are typical of the claims and defenses of the proposed class, making her an adequate representative of the class. Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has held: "The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 726 (7th Cir. 2011). In *C.E. Design*, the Seventh Circuit vacated certification of a TCPA class, holding the district court did not properly analyze the adequacy of the plaintiff due to the unique issue of consent for a subclass, including the lead representative. "Whether the website plus the Blue Book form added up to CE's consenting for King to fax advertisements to it presents a question that neither the statute nor the case law, nor the interpretation of the statute by the Federal Communications Commission, answers." *Id.* at 725.

In the same manner, the arbitration clause is a defense peculiar to a subset of Plaintiffs' class. Plaintiffs' classes lack typicality.

### D. Plaintiffs' classes lacks superiority due to arbitration clauses

The superiority inquiry requires courts to assess the fairness and efficiency of class adjudication "with an eye toward 'other available methods.' " *Mullins*, 795 F.3d at 664 (quoting Fed. R. Civ. P. 23(b)(3)). Rule 23(b)(3) includes "the likely difficulties in managing a class action." Fed.R.Civ.P. 23(b)(3)(D). The manageability question "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The Seventh Circuit has expressed concern with certifying classes subject to an arbitration clause. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002):

> As far as we can tell, discovery relating to the state court judge's resolution of the issue of arbitrability is complete, so that the only question for us today is whether he will conscientiously and sensibly apply the proper legal standard to the issue of arbitrability. ***We are not certain that he will; his actions in certifying a class even though many of its members were basing their claims on contracts containing arbitration clauses***, in allowing discovery on the merits to proceed before ruling on arbitrability, and in delaying as long he has ruling on that question (CIGNA moved the state judge for an order to arbitrate in July 2001, almost a year ago), ***do make us wonder whether federal arbitration rights may not be a second-order concern for him***.

*Id.* (emphasis added).

This concern is well-founded. When a significant portion of class members are subject to arbitration agreements, this argues against superiority. *Pablo v. ServiceMaster Glob. Holdings Inc.*, No. C 08-03894 SI, 2011 WL 3476473, at *2 (N.D. Cal. Aug. 9, 2011). The plaintiff in *Pablo* sought to certify a class for unpaid wage claims. *Id.* at *1. The Court held that it was faced with evidence that numerous arbitration agreements were signed by defendants and their employees, and this raised concerns as to numerosity and superiority. *Id.* at *2. It noted a "a significant portion of this litigation would be devoted to discovering which class members signed such agreements and enforcing those agreements," rather than resolution of the plaintiffs' legal claims. *Id.* It therefore denied certification of the Rule 23(b)(3) class. Just as in *Pablo*, USAM has provided evidence that numerous arbitration agreements were signed by putative class

members. Litigation of these arbitration agreements will detract from resolution of Plaintiffs' legal claims. Plaintiffs' classes lack superiority.

### E. Plaintiffs' FDCPA lacks predominance due to individualized inquiries as to materiality

Rule 23(b)(3)'s predominance requirement is the chief obstacle to class certification. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997). Plaintiffs bear the burden of establishing that common issues of law and fact are central to all of their claims. *See Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-530 (N.D. Ill. 1998). Moreover, "[c]ertification under Rule 23(b)(3) is improper where liability determinations are both individual and fact-intensive." *Hickey v. Great Western Mortgage Corp.*, 1995 WL 121534, *4 (N.D.Ill. Mar. 17, 1995).

Plaintiff alleges that USAM violated sections 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) of the FDCPA by filing suit against plaintiffs Jenilee Johnson and Jane Whitaker and numerous other Illinois residents when USAM was not licensed to conduct debt collection activities in Illinois. (Complaint ¶ 39, Motion at 3)

Plaintiffs further state that Defendants "further routinely violated Section U.S.C. §1692e, 1692e(2), 1692e(5) and 15 U.S.C. §1692e(10) by filing time-barred lawsuits (Motion at 3), but provides no evidence at all that any class member other than Plaintiffs involved an alleged time-barred lawsuit. Therefore, only the alleged unlicensed actions of USAM are relevant to the putative classes.

The Seventh Circuit has not held such conduct is a *per se* violation of the FDCPA. Plaintiff cites *Galvan v. NCO Portfolio Management, Inc.*, 794 F.3d 716, 718 (7th Cir. 2015) (Complaint ¶ 39, Motion at 3), but there "the sole issue on appeal is whether NCO Portfolio was a collection agency under the ICAA and thus required to register during the relevant time period— June 2006 to June 2011". Moreover, in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (Complaint ¶ 39, Motion at 3), the Eleventh Circuit reversed the district court's summary judgment order in favor of plaintiff remanded those causes of action pursuant to 15 U.S.C. §§ 1692e(5) and 1692f for consideration by a jury.

Within this Circuit, the law is to the contrary. *Kuhn v. Asset Acceptance Capital Corp.*, No. 114-CV-00059-TWP-DML, 2015 WL 1505648, at *4 (S.D. Ind. Mar. 31, 2015). In addressing a similar Indiana licensing requirement, the court in *Kuhn* dismissed a FDCPA claim which included filing lawsuits without being licensed. *Id.* at *2, *4. It "decline[d] to follow the authority from outside of this circuit cited by Plaintiffs to hold otherwise" and stated in pertinent part:

> "Regardless of whether the Indiana Collection Agency Act ("ICAA") does or does not apply to Defendants, Plaintiffs may not use the FDCPA to enforce a state licensing requirement. "Section 1691e does not incorporate state licensing requirements.... Thus, an alleged violation of state or local law is insufficient to state a claim under the FDCPA."

*Id.*

Regardless, despite Plaintiffs' endless citations for the proposition that the FDCPA is a strict liability statute (Motion at 5), a technically false statement has to be material to be a violation of the FDCPA. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 756-57 (7th Cir. 2009); *Donohue v. Quick Collect Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Wahl v. Midland Credit Management*, 556 F.3d 643, 645-46 (7th Cir. 2009). For the putative FDCPA class to recover on their §1692e, 1692e(2), 1692e(5) and 1692e(10) misrepresentation claims, they have to show USAM's conduct with respect to each of them were material. However, the individualized inquiries as to materiality demonstrate lack of predominance. *See, e.g., Lowe v. Maxwell & Morgan PC*, 322 F.R.D. 393 (D. Ariz. 2017).

In *Lowe*, the plaintiff asserted a class under the FDCPA, claiming defendant violated the FDCPA attempting to recover post-judgement attorneys' fees and costs not authorized by Arizona law. *Id.* at 396-97. The court denied plaintiff's motion for class certification given that individualized inquiries predominated. *Id.* at 403. The court in *Lowe* held that "resolution of the putative class members' claims likely will require the Court to conduct individualized inquiries into the state court records for each putative class member to determine such matters as: (1) *whether the post-judgment fee request was material* to the class member..." *Id.* (emphasis added).

Just as in *Lowe*, Plaintiffs in this case are attempting to bootstrap a FDCPA claim via state law. In the same manner, whether or not the filing of the lawsuits in our case while unlicensed was material presents an individualized inquiry as to materiality. *See also Hutton v. C.B. Accounts, Inc.*, No. 10-3052, 2010 WL 5070882, at *3 (C.D. Ill. Dec. 3, 2010) (FDCPA class for improper disclosure denied due to individualized inquiries at to materiality). "That common issues predominate over individual ones is a requirement for class certification…attorney assertions do not suffice." *Clark v. Bumbo Int'l Tr.*, No. 15 C 2725, 2017 WL 3704825, at *7 (N.D. Ill. Aug. 28, 2017). Plaintiffs have made no showing that USAM initiating a collection lawsuit as an alleged unlicensed collection agency is material and common to all class members. As this is their burden, certification should be denied.

### F. Plaintiffs' ICFA class lacks ascertainability and typicality

Although not explicitly listed under Rule 23, a class may be certified only if its members can be ascertained. *Mullins*, 795 F.3d at 659. To show that a class is ascertainable, a plaintiff must begin by offering a definition that is (1) precise, (2) defined by objective criteria, and (3) not defined in terms of success on the merits. *Id.* at 659–60.

An overbroad class definition can violate the definiteness requirement because it "include[s] individuals who are without standing to maintain the action on their own behalf." *Duffin v. Exelon Corp.*, No. 06 C 1382, 2007 WL 845336, at *3 (N.D. Ill. Mar. 19, 2007) (internal quotation marks and citation omitted); *Oshana*, 472 F.3d at 514 (affirming the district court's ruling that the proposed class was not sufficiently definite, and stating that the class "could include millions who were not deceived and thus have no grievance under the ICFA"); *see also Messner*, 669 F.3d at 824 ("If ... a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification.").

The Seventh Circuit in *Oshana* held that ICFA class actions generally lack ascertainability and typicality. *Oshana*, 472 F.3d at 513. In that case, the plaintiff sued Coke for violating the ICFA and for unjust enrichment. The Court of Appeals held that to prevail on a claim for damages under the ICFA, Oshana and her fellow class members must prove: (1) a deceptive act or practice

by Coke; (2) that the act or practice occurred in the course of conduct involving trade or commerce; (3) that Coke intended Oshana and the members of the class to rely on the deception; and (4) that actual damages were proximately caused by the deception. *Id.* (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801, 850 (Ill.2005); *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 267 Ill.Dec. 14, 776 N.E.2d 151, 164 (Ill.2002))

"In other words, a damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception." *Id.* (citations omitted). The Seventh Circuit in *Oshana* specifically noted that the plaintiff's class would include persons who were not aggrieved:

> Membership in Oshana's proposed class required only the purchase of a fountain Diet Coke from March 12, 1999, forward. **Such a class could include millions who were not deceived and thus have no grievance under the ICFA**. Some people may have bought fountain Diet Coke because it contained saccharin, and some people may have bought fountain Diet Coke even though it had saccharin. **Countless members of Oshana's putative class could not show any damage, let alone damage proximately caused by Coke's alleged deception**. See Oliveira, 267 Ill.Dec. 14, 776 N.E.2d at 164 (holding that those who "knew the truth" do not have valid ICFA claims because they cannot claim to have been deceived).

*Id.* at 514 (emphasis added).

Because persons not aggrieved could not bring a claim under the ICFA, such a class was not ascertainable. *Id.*

Plaintiffs' Motion does not refer to the ascertainability requirement, nor do they make any effort to meet their burden to establish this by a preponderance of the evidence. Neither Plaintiffs Motion, nor their Complaint identify any actual damages caused to either them or the putative class by USAM's conduct. Their ICFA class clearly lacks ascertainability. Any attempt to claim a *per se* violation of the ICFA was also rejected by the Seventh Circuit, because "[U]nlike public actions for violating the ICFA, a private cause of action under the ICFA requires a showing of proximate causation. *Id.* at 514-15. (citations omitted). "There is no per se violation that automatically makes Coke liable to Oshana and the members of the proposed class for private damages. Oshana's so-called per se claim suffers from the same typicality infirmities as her deceptive marketing claim." *Id.*

Plaintiffs have not met their burden to show any common proof of demonstrating causation and damages for their ICFA class. Their class necessarily includes persons who are not aggrieved and therefore lacks ascertainability and typicality.

### G. Plaintiff's ICFA class lacks predominance

Where a plaintiff, such as here, presents no evidence to establish predominance of a ICFA class, certification should be denied. *See Clark*, 2017 WL 3704825, at *8. The plaintiff in *Clark* filed a class action lawsuit for violation of the ICFA, alleging that the defendant deceptively marketed and advertised its Bumbo floor seat for babies. *Id.* at *1. The defendant asserted there were significant and predominant individual issues with respect to causation and damages. *Id.* at *6. The plaintiff argued that "the fact that a defendant may be able to defeat the showing of causation as to a few individual class members does not transform the common question into a multitude of individual ones; plaintiffs satisfy their burden of showing causation as to each by showing materiality as to all." *Id.* at *7. The court rejected this argument and held that the plaintiff offered no evidence to support reliance and causation. *Id.* at *8. It held plaintiff did not meet his burden to demonstrate materiality it by a preponderance of the evidence—"attorney assertions [did] not suffice." *Id.* at *7.

Similarly, in *Williams v. Ford Motor Co.,* 192 F.R.D. 580, 585 (N.D.Ill.2000) the plaintiff asserted a ICFA class action claiming that that defendant Ford had a policy of deceiving ESP customers by not disclosing two limitations when selling the ESPs: 1) that customers are required to pay a diagnostic fee if the claimed repair is not covered under the plan, and 2) that repairs costing more than the trade-in value of the car are not covered under the plan. On the issue of predominance, the Court in *Williams* noted individual issues of causation, "like issues of reliance and damages, often plague class actions brought under the ICFA." *Id.* (citing *Johnson v. Aronson Furniture Co.*, 1998 WL 641342, *7 (N.D .Ill. Sept. 11, 1998)). The Court held that individualized inquiries predominated, and denied class certification.

Multiple decisions have followed the Seventh Circuit's lead in *Oshana* denied certification of ICFA class actions. *See also Siegel v. Shell Oil Co.,* 612 F.3d 932, 935 (7th Cir. 2010), 612 F.3d at 935–36 (affirming district court's denial of class certification of

an ICFA unfairness claim because "questions of fact common to class members did not predominate over any questions affecting only individual members," as required by Rule 23(b)(3)); *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, No. 09-CV-1061-MJR, 2011 WL 4336727, at *9 (S.D. Ill. Sept. 14, 2011) (holding "The ICFA claim cannot be certified for class action because the need for individualized proof of causation predominates—overwhelms—the otherwise straight forward EOR scheme alleged by Walsh.").

**H.**     **Plaintiffs have not met their burden to establish any class based on time-barred lawsuits.**

For the first time in this litigation, Plaintiffs allege that that Defendants "further routinely violated Section U.S.C. §1692e, 1692e(2), 1692e(5) and 15 U.S.C. §1692e(10) by filing time-barred lawsuits (Motion at 3). Any class based on this unsupported attorney assertion does not meet Plaintiffs' burden to demonstrate the Rule 23 elements. *Clark*, 2017 WL 3704825, at *7. Such a class is overbroad and therefore not ascertainable, as Plaintiffs have made no showing that any of the other 77 class members were subject to time-barred lawsuits.

Moreover, Plaintiffs' lawsuit was not time-barred. Plaintiffs' Borrower History and Activity Report states that first payment due date was 05/14/13 and "CLAIM FILED ON 9/09/15 BECAUSE OF DEFAULT." (Ex. 3 to Justice Decl. at USAM0004, 0362) Weltman filed its lawsuit on behalf of USAM on August 6, 2018. Plaintiffs lack typicality and adequacy with respect to any FDCPA/ICFA class for time-barred lawsuits.

**VI.**     **CONCLUSION**

For the reasons stated above, defendant USAM respectfully submits that the Plaintiff's Motion for Class Certification should be denied.

Dated: August 16, 2019                    CARLSON & MESSER LLP


                                          By: s/ David J. Kaminski
                                          David J. Kaminski
                                          Stephen A. Watkins
                                          Attorneys for Defendant
                                          US ASSET MANANGEMENT, INC.

### CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 16th day of August 2019, a true and accurate copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion for Class Certification was served via the District Court ECF System on the Following:

Email: courtecl@edcombs.com
cmiller@edcombs.com
ccombs@edcombs.com
pwaldera@edcombs.com
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
lconley@hinshawlaw.com

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP